Chief Justice Bibb
delivered the Opinion of the Court.
Br bill exhibited in June, 1803, the complainants, Blanchard and Brown, seek relief against several elder grants. The basis of their claim is the entry following.
"August 14th, 1783.
“William Cockerham enters 746 acres of land upon a part of T. Wt. No. 10691, to adjoin his survey of 1076 acres on the north, Crews’ pre-emption on the west, Hughes’ pre-emption’on the East and North, to extend North for quantity.”
Of which 613 acres were surveyed 20th September, 1798; patented to Blanchard and Brown, assignee &c. 20th September, 1799.
Crews’ preemption was surveyed in June, 1781, about one mile from Estill’s station; this survey was notorious before and at the date of Cockerham’s entry.
A survey of 640 acres was made for Hughes, by John Kennedy, in 1776; Hughes obtained a certificate from the commissioners, for a preemption of 1,000 acres, this claim was assigned to Boone, and by him entered with the surveyor on the 31st May, 1781, as assignee of Hughes, “to he bounded by his old lines, which was made by John Kennedy in *394 1776, lying on a branch of silver creek, adjoining, or near Capt. Hart’s.” The survey for Boone, assignee of Hughes, was made 11th February, 1783, including the old survey of 1776, and was within three quarters of a mile of Estill’s station.
Defendant’s .title.
Court, composed of two judges, being divided on the question of the notoriety of the survey — decree of the circuit court affirmed.
Cockerham’s former survey alluded to, was made on the 29th July, 1783, upon an entry of July, 1782, for 1823 acres, “binding on the south line of David Crews’ preemption on Muddy creek, and to run south and west for quantity.” This survey was upon part of the warrant, 10,691, and did in fact, adjoin Crews’ on the south, extending somewhat west of Crews’ south-west corner towards Boone, as-signee of Hughes.
The surveys of Crews and of Boone, assignee of Hughes, were run to the cardinal points, with a space of two hundred and thirty poles between them.
The three elder grants, under which the defendants hold, are 1,000 acres, Boyle’s preemption, patented to Samuel Estill in June, 1785; Green Clay’s, assignee of Lackey, 467 acres, patented June, 1786; Cholton’s 1,000 acres, patented February, 1789.
The defendants put in issue -the specialty and -precision of the entry set up by the complainants, and rely also upon other matters which need not be stated, seeing that the dismission of the hill by the circuit court is to be affirmed upon the question alone touching the specialty and precision of Cock-i erham’s entry as made.
The court for the trial of this cause being composed of but two judges, we are stopped in limine, by a division of opinion. One of the judges is of opinion that the evidence in the cause, is not sufficient to warrant the conclusion; that Cockerham’s survey of 1077 acres, (for so it is in fact) alluded to in his entry of August, 1783, only sixteen days before the appended entry of Cockerhain for 746 acres, or Hughes’ survey, were notorious, or to be found by reasonable diligence of inquiry on the 14th August, 1783. The other is of opinion, that from facts proved, the inference is well warranted, *395 that a subsequent locator, using very moderate inquiry at Estill’s station, and in the surveyor’s office, and reasonable research in the vicinity of EstilPs station, for Hughes’, Crews’ and Cockerham’s surveys, might have found' them, and- thereby have ascertained the true locality of Cockerham’s entry.
Judge. Mills did not sit in this cause.
Wicklijfe and Caperton, for appellants; Crittenden and Turner, for appellees.
In consequence of the division of opinion between the judges as to the specialty and precision of the entry of Cookerham, of August, 1783, under which the complainants claim, the decree of the circuit court, dismissing the bill, must stand, unaltered, and thereby affirmed; which is ordered to be certified to the said circuit court.
And it is further ordered and decreed, that the-appellants pay to the appellees, their costs in this behalf .expended.